| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**BECKER MEISEL LLC**<br>Eisenhower Plaza II<br>354 Eisenhower Parkway, Suite 1500<br>Livingston, New Jersey 07039<br>(973) 422-1100<br>Counsel for Stacey L. Meisel, Chapter 7 Trustee<br>SUZANNE IAZZETTA (SI 2116) | |
| **In re:**<br><br>LEE, DAI M. & HEE S.<br><br>                Debtors. | Case No. 10-44799 (DHS)<br>Chapter 7<br>**Judge:  Hon. Donald H. Steckroth**<br>**Hearing Date: August 28, 2012 at 10:00 a.m.**<br>**Objection Deadline:  August 21, 2012** |
| Stacey L. Meisel, Chapter 7 Trustee<br><br>                Plaintiff,<br>vs.<br>Cavalry SPV I LLC, New Century Financial Services, Inc., Laridian Consulting Inc., NCO Portfolio Management Inc., and Cavalry Investments LLC.,<br><br>                Defendants. | **ORAL ARGUMENT WAIVED UNLESS TIMELY OBJECTION IS FILED**<br><br>Adv. Proc. No. 12-01204 (DHS) |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR AN ORDER
PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND
RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE APPROVING THE STIPULATION AND CONSENT
ORDER IN SETTLEMENT OF THE AVOIDANCE ACTION BROUGHT
<u>BY THE CHAPTER 7 TRUSTEE AGAINST CAVALRY SPV I LLC</u>**

**TO:   HONORABLE DONALD H. STECKROTH
       UNITED STATES BANKRUPTCY JUDGE**

Stacey L. Meisel, the Chapter 7 Trustee (the "**Trustee**") for the estates of Dai M. Lee and Hee S. Lee (the "**Debtors**"), by and through her counsel, Becker Meisel LLC, hereby files this *Motion of the Chapter 7 Trustee for an Order Pursuant to Section 105(a) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure Approving the Stipulation and Consent Order in Settlement of the Avoidance Action Brought by the Chapter 7 Trustee Against Cavalry SPV I LLC* (the "**Settlement Motion**"), and respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Trustee initiated an Adversary Proceeding (as defined below) against five (5) separate defendants to avoid certain judgment claims that had been docketed against the Debtors' real property.

2. The Trustee and Cavalry SPV I LLC ("**Cavalry SPV**") have come to an agreement in settlement of the Adversary Proceeding, which is embodied in the Consent Order (as defined below) attached hereto.

3. This Settlement Motion is respectfully submitted to obtain an order of this Court approving the terms of the settlement as set forth in the attached Consent Order.

## JURISDICTION

4. This Court has jurisdiction over this Settlement Motion pursuant to 28 U.S.C. § 157 and § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2)(A), (K), and (O). The bases for the relief requested herein are 11 U.S.C. §§ 105(a), 544, and 551 of Title 11 of the United States Code, sections 101 *et seq.* (the "**Bankruptcy Code**"), and rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure.

5. Venue of this Settlement Motion in the District of New Jersey is proper pursuant to 28 U.S.C. § 1409.

## GENERAL BACKGROUND

6. On November 8, 2010 (the "**Petition Date**"), the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

7. On November 9, 2010, Stacey L. Meisel was appointed as the Chapter 7 Trustee (previously defined as the "**Trustee**"). *See Docket Entry No. 2.*

8. In furtherance of her duties under 11 U.S.C. § 704, the Trustee has investigated the assets, liabilities, and financial condition of the Debtors, including the nature, extent, and validity of putative liens on the Debtors' assets.

9. In the course of the Trustee's duties, she filed a *Complaint to Determine Extent and Validity of Judicial Liens against Real Property and/or to Avoid Judicial Liens Pursuant to 11 U.S.C. §§ 544(a)(1) and 544(a)(2)* (the "**Adversary Proceeding**") against Cavalry SPV I LLC, New Century Financial Services, Inc., Laridian Consulting Inc., NCO Portfolio Management Inc., and Cavalry Investments LLC (collectively, the "**Defendants**"), seeking to: (i) determine the extent, validity and priority of the Defendants' purported liens against the Property; (ii) determine that the Defendants' liens are avoided by the Trustee for failure to properly perfect under New Jersey law; (iii) determine that the Defendants' liens are thereby subordinated to the Trustee; and (iv) determine that the funds are thereby preserved for the benefit of the Debtors' estates; and (v) such other and further relief as the Court deems appropriate and just.

## THE PROPERTY

10. On Schedule A of the Debtors' petition for relief, the Debtors listed certain real property located at 2352 Linwood Avenue, #5G, Fort Lee, NJ 07024, Block 6754, Lot 2, Qualifier C005G (the "**Property**"). *See Docket Entry No. 1.*

11. On December 12, 2011, the Trustee filed a *Motion to Sell 2352 Linwood Avenue, Apt. 5G, Fort Lee, New Jersey* (the "**Motion to Sell**"). *Docket Entry No. 35*. The Court granted the Motion to Sell on January 23, 2012. *See Order Granting Motion to Sell (Docket Entry No. 45).*

12. The Property was encumbered by a mortgage lien, a *lis pendens*, and a number of judicial liens, as set forth in detail in the title report dated November 7, 2011 by First American Title Insurance Company (the "**Title Report**"), attached hereto as Exhibit A.

13. The numerous judgments for money damages against the Debtors that are listed on the Title Report were originally entered in the Special Civil Part and have each been docketed with the Clerk of the Superior Court.

14. On March 9, 2012, the Trustee entered into a contract to sell the Property pursuant to a public auction conducted by A.J. Willner Auctions LLC as auctioneer. The Property was sold free and clear of all liens, claims, encumbrances and other interests, with any valid liens attaching to the proceeds of the sale pursuant to section 363(f) of the Bankruptcy Code.

## LIENS ASSERTED BY CAVALRY SPV AGAINST THE PROPERTY/PROCEEDS

15. The Title Report indicates that on February 24, 2003, Cavalry SPV docketed with the Clerk of the Bergen County Superior Court judgment no. DJ-047154-2003 against Debtor Dai M. Lee (the "**Cavalry SPV Lien**") in the following amount:

| | |
|---|---:|
| Debt: | $7,618.38 |
| Costs: | $221.37 |
| Interest: | $34.03 |
| Docketing: | $10.00 |
| **Total Judgment** | **$7,883.78** |

16. On or about July 21, 2011, Cavalry SPV filed an unsecured proof of claim pursuant to the Cavalry SPV Lien in the Debtors' Chapter 7 Case. *Proof of Claim No. 3*.

17. On May 8, 2012, the Trustee filed an *Application Requesting Entry of Default against Cavalry SPV I LLC*. *Docket Entry No. 7*. On May 9, 2012, the Court entered an *Entry of Default against Cavalry SPV I LLC*. *Docket Entry No. 11*.

18. Subsequent to the *Entry of Default against Cavalry SPV I LLC,* the Trustee and Cavalry SPV entered into settlement negotiations

19. Because the Trustee and Cavalry SPV are aware of the costs and risks involved in litigating the Avoidance Action, they have reached an agreement in full resolution and settlement of the Avoidance Action, which they have set forth in the *Stipulation and Consent Order to Vacate Default and Settle Adversary Proceeding against Cavalry SPV I LLC* (the "**Consent Order**"), attached hereto as Exhibit B.

20. The Trustee believes that the settlement embodied in the Consent Order is in the best interests of the estates and the estates' creditors.

## SUMMARY OF THE SETTLEMENT TERMS

21. The Consent Order contains the following provisions:[1]

   a. Upon the Final Order of the Bankruptcy Court granting the Settlement Motion and approving its terms and conditions, the Cavalry SPV Lien will be reclassified as a general unsecured claim, and Cavalry SPV will be deemed to have an allowed general unsecured claim against the Debtors' estates for $7,883.78 (the "**Cavalry SPV Allowed Claim**"), and no other approval by the Bankruptcy Court shall be required.

   b. No fees and/or expenses incurred by Cavalry SPV, its representatives, agents, successors, or assigns shall be added to the amount of the Cavalry SPV Allowed Claim.

---

[1] The summary of the Consent Order is provided for the Court's convenience only. In the event of a discrepancy, the terms of the Consent Order control.

c. Upon the Final Order of the Bankruptcy Court granting the Settlement Motion and approving its terms and conditions, all other claims of Cavalry SPV, including claims of its representatives, agents, successors, or assigns against the Trustee and/or the Debtors' estates, if any, shall be deemed satisfied in full.

d. Upon the Final Order of the Bankruptcy Court granting the Settlement Motion and approving its terms and conditions, Cavalry SPV shall be deemed to have waived any and all of its rights to file and/or assert this or any other proofs of claim in the Debtors' Bankruptcy Case.

e. Upon the Final Order of the Bankruptcy Court granting the Settlement Motion and approving its terms and conditions, the Trustee shall file with the Clerk of the Bankruptcy Court a *Notice of Dismissal*, with prejudice, as to Cavalry SPV in the Avoidance Action.

f. Upon the Final Order of the Bankruptcy Court granting the Settlement Motion and approving its terms and conditions, all claims, demands, and causes of action of any kind and however denominated by, between, and among the Trustee, solely in her capacity as Chapter 7 Trustee for the Debtors, the Debtors, and the Debtors' estates on the one hand, and Cavalry SPV on the other hand, existing as of the date of the entry of a Final Order granting the Settlement Motion, whether known or unknown, liquidated or unliquidated, whether in contract, tort, or otherwise, at law or in equity, arising under or by virtue of any statute or regulation, including, without limitation, the Bankruptcy Code and the Bankruptcy Rules, including but not limited to the claims asserted in the Adversary Proceeding and the Cavalry SPV Lien, shall be deemed released and forever waived by the Trustee, solely in her capacity as Chapter 7 Trustee for the Debtors, the Debtors, the Debtors' estates, and Cavalry SPV.

22. The Trustee believes that the settlement embodied in the Consent Order is in the best interest of the estates for several reasons. First, the proposed settlement provides the Trustee with the primary relief she sought in the Adversary Action – the elimination of Cavalry SPV's purported lien against the Property. Second, the settlement embodied in the Consent Order does not entail any immediate distribution of funds from the estates. Finally, in exchange for releasing any potential "secured" interest against the Property and/or the estates, Cavalry SPV will be deemed to have an allowed, unsecured claim against the estates in the amount of $7,883.78.

23. Absent the Consent Order, the Trustee believes that she would have to engage in a cost-benefit analysis regarding pursuit, judgment, and possibility of collection of the Adversary Action against Cavalry SPV, which costs would necessarily include the advance of all legal work without certainty of compensation, along with out-of-pocket disbursements.

24. The Trustee respectfully submits, therefore, that based upon the foregoing, the proposed Consent Order is manifestly in the best interests of the estates.

## RELIEF REQUESTED

25. By this Settlement Motion, the Trustee seeks authorization and approval of the Consent Order pursuant to section 105(a) of the Bankruptcy Code and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure.

## BASIS FOR RELIEF REQUESTED

26. Section 105(a) of the Bankruptcy Code states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 *U.S.C.* § 105(a).

27. Pursuant to the terms of Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, the Court may, on the motion of the trustee or debtor-in-possession, and after a hearing on notice, approve a proposed settlement of contested litigation.

28. The settlement of time-consuming and potentially costly and burdensome litigation in the bankruptcy context is strongly encouraged by the courts. "To minimize litigation and to expedite the administration of the bankruptcy estate, [c]ompromises are favored in bankruptcy." *In re Martin,* 91 F.3d 389, 393 (3d Cir. 1996) *citing* Collier on Bankruptcy, ¶ 9019.03 [1] (15th ed. 1993).  *See also In re Penn Central Transportation Co.,* 596 F. 2d 1102 (3d Cir. 1979); *In re Mavrode,* 205 B.R. 716, 719 (Bankr. D.N.J. 1997).

29. In *In re Martin,* the Third Circuit set out certain criteria that a court should consider when reviewing a settlement, as follows: "1) the probability of success in litigation; 2) the likely difficulties in collection; 3) the complexity of the litigation involved, and the expense and the inconvenience and delay necessarily attending it, and 4) the paramount interest of the creditors." *Martin,* 91 F.3d at 393.

30. In determining whether to approve a settlement, the bankruptcy court should not substitute its judgment for that of the trustee, the debtor-in-possession, or the parties. *In re Neshaminy Office Building Associates,* 62 B.R. 97, 98 (Bankr. E.D. Pa. 1986). However, approval of the settlement remains within the sound discretion of the Bankruptcy Court. *Id.*

31. Furthermore, while the Court is not called upon to decide the numerous underlying questions of fact and/or law raised in the litigation, it should "canvas the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.),* 699 F. 2d 599, 608 (2d Cir. 1983), *cert. den.*, 464 U.S. 822 (1993) (*internal citations omitted*).

32. Here, while the Trustee believes that the probability of success against Cavalry SPV is very high, she also believes that the cost of litigating could be higher to the estates than the amount at issue, and may, therefore be counterproductive. Furthermore, because the proposed settlement includes the lien avoidance that was the goal of the Trustee's Avoidance Action, the proposed settlement satisfies the Trustee and is in the best interests of the estates. Finally, absent the proposed settlement with Cavalry SPV, there could be an undue delay in the final administration of the estates while the Avoidance Action is prosecuted and brought to finality.

33. The Trustee believes, therefore, that the agreement contained in the Consent Order is in the best interests of the estates and the estates' creditors.

## NOTICE

34. Notice of this Settlement Motion is being provided to the following parties: (i) the Debtors' attorney; (ii) secured parties; (iii) counsel for the taxing authorities; (iv) the Office of the United States Trustee for the District of New Jersey; (v) all parties who have filed and served a *Notice of Appearance*; and (vi) all persons or entities purporting to have a lien or judgment which may be an encumbrance on the Property.

35. In addition, the Trustee is filing contemporaneously herewith an *Information for Notice of Settlement of Controversy* regarding the Settlement Agreement (the "**Notice of Settlement**"). Upon the filing of the Notice of Settlement, the Clerk of the Bankruptcy Court will fix the last day to file objections to the Settlement Agreement.

36. The Chapter 7 Trustee respectfully submits that such notice is good and sufficient notice under the circumstances, and meets the requirements of all applicable Federal Rules of Bankruptcy Procedure, including Rule 2002.

## CONCLUSION

37. For the foregoing reasons, the Trustee respectfully requests that the Court approve and "SO ORDER" the attached Consent Order, and grant the Trustee such other and further relief as is just and proper.

**BECKER MEISEL LLC**
Attorneys for the Chapter 7 Trustee

By: /s/ *Suzanne Iazzetta*
     Suzanne Iazzetta

Dated: July 31, 2012