# EXHIBIT B

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br>BECKER MEISEL LLC<br>Eisenhower Plaza II<br>354 Eisenhower Parkway, Suite 1500<br>Livingston, New Jersey 07039<br>(973) 422-1100<br>Counsel for Stacey L. Meisel, Chapter 7 Trustee<br><br>SUZANNE IAZZETTA (SI 2116) | |
| In re:<br><br>LEE, DAI M. & HEE S.<br><br>Debtors. | Case No. 10-44799 (DHS)<br><br>Chapter 7<br><br>**Hon. Donald H. Steckroth** |
| **Stacey L. Meisel, Chapter 7 Trustee**<br><br>Plaintiff,<br><br>vs.<br><br>**Cavalry SPV I LLC, New Century Financial Services, Inc., Laridian Consulting Inc., NCO Portfolio Management Inc., and Cavalry Investments LLC.,**<br><br>Defendants. | Adv. Proc. No. 12-01204 (DHS) |

**STIPULATION AND CONSENT ORDER TO VACATE DEFAULT AND SETTLE ADVERSARY PROCEEDING AGAINST CAVALRY SPV I LLC**

The relief set forth on the following pages, numbered two (2) through eight (8) is hereby **ORDERED.**

Page 2 of 8
In re:       Lee, Dai M. & Hee S., Case no. 10-44799 (DHS)
Adv. Pro.:   Stacey L. Meisel, Chapter 7 Trustee v. Cavalry SPV I LLC *et al*, Case No. 12-01204 (DHS)
Caption of Order:   *Stipulation and Consent Order to Vacate Default and Settle Adversary Proceeding against Cavalry SPV I LLC*

---

**WHEREAS**, on November 8, 2010 (the "**Petition Date**"), Dai M. Lee and Hee S. Lee (collectively, the "**Debtors**") filed their voluntary petition for relief (the "**Bankruptcy Petition**") pursuant to of Title 11 of the United States Code (the "**Bankruptcy Code**"); and

**WHEREAS**, on November 9, 2010, Stacey L. Meisel was appointed as Chapter 7 Trustee (the "**Trustee**") (*Docket Entry No. 2*); and

**WHEREAS**, on Schedule A of the Debtors' Bankruptcy Petition, the Debtors listed certain real property located at 2352 Linwood Avenue, #5G, Fort Lee, NJ 07024, Block 6754, Lot 2, Qualifier C005G (the "**Property**") (*Docket Entry No. 1*); and

**WHEREAS**, on or about November 7, 2011, the Trustee received a title report concerning the Property from First American Title Insurance Company (the "**Title Report**"); and

**WHEREAS**, the Title Report indicates that on February 24, 2003, defendant Cavalry SPV I LLC ("**Cavalry SPV**") docketed with the Clerk of the Bergen County Superior Court judgment no. DJ-047154-2003 against Debtor Dai M. Lee (the "**Cavalry SPV Lien**") in the following amount:

| Debt: | $7,618.38 |
| Costs: | $221.37 |
| Interest: | $34.03 |
| Docketing: | $10.00 |
| **Total Judgment** | **$7,883.78** |

and

**WHEREAS**, Cavalry SPV failed to levy or execute against the Debtors' property pursuant to the Cavalry SPV Lien; and

Page 3 of 8
In re:       Lee, Dai M. & Hee S., Case no. 10-44799 (DHS)
Adv. Pro.:   Stacey L. Meisel, Chapter 7 Trustee v. Cavalry SPV I LLC *et al*, Case No. 12-01204 (DHS)
Caption of Order:   *Stipulation and Consent Order to Vacate Default and Settle Adversary Proceeding against Cavalry SPV I LLC*

---

**WHEREAS**, on or about July 21, 2011, Cavalry SPV filed an unsecured proof of claim pursuant to the Cavalry SPV Lien in the Debtors' Chapter 7 Case (*Proof of Claim No. 3*);

**WHEREAS**, the Trustee has filed an adversary proceeding against, among other defendants, Cavalry SPV, pursuant to the Trustee's *Complaint to Determine Extent and Validity of Judicial Liens against Real Property and/or to Avoid Judicial Liens Pursuant to 11 U.S.C. §§ 544(a)(1) and 544(a)(2)* (the "**Avoidance Action**"); and

**WHEREAS**, pursuant to the Avoidance Action, as against Cavalry SPV the Trustee sought to: (i) determine the extent, validity, and priority of the Cavalry SPV Lien; (ii) determine that the Cavalry SPV Lien is avoided by the Trustee; (iii) determine that the Cavalry SPV Lien is subordinated to the Trustee; (iv) determine that the funds are thereby preserved for the benefit of the Debtors' estates; and (v) such other and further relief as the Court deems just; and

**WHEREAS**, the Avoidance Action is presently pending before the Bankruptcy Court; and

**WHEREAS**, on May 8, 2012, the Trustee filed an *Application Requesting Entry of Default against Cavalry SPV I LLC* (Docket Entry No. 7); and

**WHEREAS**, on May 9, 2012, the Court entered an *Entry of Default against Cavalry SPV I LLC* (Docket Entry No. 11); and

**WHEREAS**, both the Trustee and Cavalry SPV (collectively, the "**Parties**") are aware of the costs and risks involved in litigating the Avoidance Action and have therefore reached an agreement for purposes of settling the Avoidance Action as between the Trustee and Cavalry SPV only, the Trustee and Cavalry SPV do hereby enter into this *Stipulation and Consent Order to Vacate*

Page 4 of 8
In re:       Lee, Dai M. & Hee S., Case no. 10-44799 (DHS)
Adv. Pro.:   Stacey L. Meisel, Chapter 7 Trustee v. Cavalry SPV I LLC *et al*, Case No. 12-01204 (DHS)
Caption of Order:   *Stipulation and Consent Order to Vacate Default and Settle Adversary Proceeding against Cavalry SPV I LLC*

---

*Default and Settle Adversary Proceeding against Cavalry SPV I LLC* (the "**Consent Order**"); and therefore,

**IT IS HEREBY AGREED, ORDERED AND ADJUDGED as follows:**

1. The *Entry of Default against Cavalry SPV I LLC* that the Court entered on May 9, 2012 (Docket Entry No. 11) is hereby vacated.

2. The Trustee will file a *Motion of the Chapter 7 Trustee for an Order Pursuant to Section 105(a) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure Approving the Stipulation and Consent Order to Vacate Default and Settle Adversary Proceeding against Cavalry SPV I LLC* (the "**Settlement Motion**") for Court approval of the Consent Order.

3. In the event that a timely objection to the Consent Order or to the Settlement Motion is filed with the Clerk of the Bankruptcy Court and sustained by a Final Order (as defined below) of the Bankruptcy Court, all of the terms and conditions of the Consent Order shall become null and void and the Parties will have all rights they had prior to the execution hereof.

4. For the purposes of the Consent Order, the term "**Final Order**" shall mean the following: an order of the Bankruptcy Court that has not been reversed or stayed, and as to which the time to appeal, petition for *certiorari* or to seek re-argument or rehearing has expired and as to which no appeal, re-argument, petition for *certiorari* or re-argument or rehearing is pending or as to which any right to appeal, re-argue, petition for *certiorari* or rehearing has been waived in writing, or if an appeal, re-argument, *certiorari* or rehearing has been sought, the order or judgment has been affirmed by the highest court to which the order was appealed or from which the re-argument or rehearing was sought, or *certiorari* has

Page 5 of 8
In re:       Lee, Dai M. & Hee S., Case no. 10-44799 (DHS)
Adv. Pro.:   Stacey L. Meisel, Chapter 7 Trustee v. Cavalry SPV I LLC *et al*, Case No. 12-01204 (DHS)
Caption of Order:   *Stipulation and Consent Order to Vacate Default and Settle Adversary Proceeding against Cavalry SPV I LLC*

---

been denied and the time to take any further appeal or to seek *certiorari* or further re-argument or rehearing has expired.

    5.   The terms of the Consent Order are as follows:

        a. Upon the Final Order of the Bankruptcy Court granting the Settlement Motion and approving its terms and conditions, the Cavalry SPV Lien will be reclassified as a general unsecured claim, and Cavalry SPV will be deemed to have an allowed general unsecured claim against the Debtors' estates for $7,883.78 (the "**Cavalry SPV Allowed Claim**"), and no other approval by the Bankruptcy Court shall be required.

        b. No fees and/or expenses incurred by Cavalry SPV, its representatives, agents, successors, or assigns shall be added to the amount of the Cavalry SPV Allowed Claim.

        c. Upon the Final Order of the Bankruptcy Court granting the Settlement Motion and approving its terms and conditions, all other claims of Cavalry SPV, including claims of its representatives, agents, successors, or assigns against the Trustee and/or the Debtors' estates, if any, shall be deemed satisfied in full.

        d. Upon the Final Order of the Bankruptcy Court granting the Settlement Motion and approving its terms and conditions, Cavalry SPV shall be deemed to have waived any and all of its rights to file and/or assert this or any other proofs of claim in the Debtors' Bankruptcy Case.

        e. Upon the Final Order of the Bankruptcy Court granting the Settlement Motion and approving its terms and conditions, the Trustee shall file with the Clerk of the Bankruptcy Court a *Notice of*

Page 6 of 8
In re:       Lee, Dai M. & Hee S., Case no. 10-44799 (DHS)
Adv. Pro.:   Stacey L. Meisel, Chapter 7 Trustee v. Cavalry SPV I LLC *et al*, Case No. 12-01204 (DHS)
Caption of Order:   *Stipulation and Consent Order to Vacate Default and Settle Adversary Proceeding against Cavalry SPV I LLC*

---

*Dismissal*, with prejudice, as to Cavalry SPV in the Avoidance Action.

f.  Upon the Final Order of the Bankruptcy Court granting the Settlement Motion and approving its terms and conditions, all claims, demands, and causes of action of any kind and however denominated by, between, and among the Trustee, solely in her capacity as Chapter 7 Trustee for the Debtors, the Debtors, and the Debtors' estates on the one hand, and Cavalry SPV on the other hand, existing as of the date of the entry of a Final Order granting the Settlement Motion, whether known or unknown, liquidated or unliquidated, whether in contract, tort, or otherwise, at law or in equity, arising under or by virtue of any statute or regulation, including, without limitation, the Bankruptcy Code and the Bankruptcy Rules, including but not limited to the claims asserted in the Adversary Proceeding and the Cavalry SPV Lien, shall be deemed released and forever waived by the Trustee, solely in her capacity as Chapter 7 Trustee for the Debtors, the Debtors, the Debtors' estates, and Cavalry SPV..

6.    The provisions of the Settlement Motion must be approved by the Bankruptcy Court and, upon approval by Final Order, shall be binding upon and shall inure to the benefit of Cavalry SPV and the Trustee and their respective agents, successors and assigns.

7.    The Parties are responsible for their own respective counsel fees and costs in connection with this matter and neither of the Parties shall seek to recover from the other any fees or costs.

8.    This Consent Order shall be governed by the laws of the State of New Jersey, except where the Bankruptcy Code shall preempt the laws of the State

Page 7 of 8
In re:       Lee, Dai M. & Hee S., Case no. 10-44799 (DHS)
Adv. Pro.:   Stacey L. Meisel, Chapter 7 Trustee v. Cavalry SPV I LLC *et al*, Case No. 12-01204 (DHS)
Caption of Order:   *Stipulation and Consent Order to Vacate Default and Settle Adversary Proceeding against Cavalry SPV I LLC*

---

of New Jersey. Any and all disputes relating this Consent Order shall be heard by the Bankruptcy Court.

9. This Consent Order may be executed in counterparts, each of which shall, for all purposes, be deemed an original, and all such counterparts, taken together, shall constitute one and the same Consent Order, even though the parties hereto may not have executed the same counterpart of the Consent Order. Facsimile signatures shall be accepted as original signatures.

10. The Consent Order contains the entire agreement between the Trustee and Cavalry SPV regarding the settlement of all claims that Cavalry SPV had, now has, or will ever have against the Trustee, the Debtors, the Debtors' estates, including pursuant to any proofs of claim, the Avoidance Action, and the Cavalry SPV Lien. Any prior discussions, negotiations, and understandings between the Trustee individually or through her attorneys, and Cavalry SPV and its attorneys or representatives, regarding the Cavalry SPV Lien, the Avoidance Action, the Settlement Motion, the Consent Order, or the terms of the settlement, are hereby merged into this Consent Order.

11. No understandings, agreements, representations, express or implied, other than those contained in this Consent Order have been made by the Trustee individually or through her attorneys or by Cavalry SPV or its attorneys or representatives.

12. The terms set forth herein cannot be modified except in writing agreed to by the Parties.

13. The Parties each represent and warrant to the other that it has full authority to execute this Consent Order.

Page 8 of 8
In re:       Lee, Dai M. & Hee S., Case no. 10-44799 (DHS)
Adv. Pro.:   Stacey L. Meisel, Chapter 7 Trustee v. Cavalry SPV I LLC *et al*, Case No. 12-01204 (DHS)
Caption of Order:   *Stipulation and Consent Order to Vacate Default and Settle Adversary Proceeding against Cavalry SPV I LLC*

---

14.   The Bankruptcy Court for the District of New Jersey shall retain exclusive jurisdiction over the subject matter underlying this Consent Order to resolve all disputes relating thereto and to enforce the terms of this Consent Order and any terms set forth herein.

**IN WITNESS WHEREOF,** the Trustee and Cavalry SPV, by their respective counsel, have executed this Consent Order in settlement of all claims as set forth herein, and agree to be bound by the terms and conditions hereof.

**Cavalry SPV I LLC.**

By and through its attorneys, Schachter Portnoy, L.L.C.

By: _____
    Howard Schachter, Esq.

Dated: July __, 2012

**Stacey L. Meisel, Chapter 7 Trustee for Debtors Dai M. Lee and Hee S. Lee**

By and through her attorneys, Becker Meisel LLC

By: _____
    Suzanne Iazzetta, Esq.

Dated: July __, 2012

S:\Docs\Becker Meisel\LEE, DAI & HEE\ADV PROC TO AVOID JUDICIAL LIENS\SETTLEMENT WITH CAVALRY\LEE - Consent Order in settlement of Cavalry claims.doc

